

**ORDERED in the Southern District of Florida on August 3, 2021.**

**Robert A. Mark, Judge**
**United States Bankruptcy Court**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

|  |  |
|---|---|
| In re: | ) |
|  | ) CASE NO.  07-21016-BKC-RAM |
|  | ) CASE NO.  08-11050-BKC-RAM |
| SUNDALE, LTD., KENDALL HOTEL AND SUITES, LLC, | )(Substantively Consolidated) |
|  | ) |
| Debtors. | ) CHAPTER 7 |
|  | ) |

**ORDER AWARDING FEES AND**
**COSTS PURSUANT TO ORDER DENYING**
**MOTION TO REOPEN AND MOTION TO VACATE**

On April 19, 2021, the Court entered its Order Denying Motion
to Reopen and Motion to Vacate (the "April 19th Order") [DE# 2086].
The April 19th Order denied the Motion to Reopen the Chapter 7
Case Pursuant to 11 U.S.C. § 350(b) (the "Motion to Reopen") [DE#
2065] filed by Sundale, LTD, f/k/a Sundale Associates, Ltd.,
Kendall Hotel & Suites, LLC, and Philip Scutieri (collectively,
the "Movants"), and denied Movants' Motion to Vacate Underlying

Orders and Judgments Pursuant to Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. Rule 60(b) (the "Motion to Vacate") [DE# 2066].

In addition to the two motions denied in the April 19th Order, Movants also filed Movants' Verified Motion to Change Venue to a District Outside the State of Florida (the "Motion to Change Venue") [DE# 2067]. The Motion to Change Venue was denied last April in the Court's April 30, 2020 Order (1) Denying Venue Motion, and (2) Setting Briefing Schedule on Motion to Reopen and Motion to Vacate (the "April 30th Order") [DE# 2070].

The April 19th Order includes a finding that Van Beuren Management ("VBM") "is entitled to, and is hereby awarded, reasonable costs and fees incurred in opposing the Motion to Reopen, the Motion to Vacate, and the Motion to Change Venue" [DE# 2086, p. 22, ¶ 3].

On May 5, 2021, VBM filed a Motion to Liquidate the Attorney's Fees and Cost Award (the "Motion to Liquidate"), attached to which are supporting billing records.  The Motion to Liquidate seeks an award of fees and costs in the total amount of $57,193.00.[1]

The Court has reviewed the Motion to Liquidate and the attached billing records, Movants' Response and Objection to [VBM's Motion to Liquidate] [DE# 2108], Movants' Supplemental

_____

[1] On June 22, 2021, VBM filed Corrected Billing Records [DE# 2109] deleting five entries and reducing the total fee and cost request to $55,318.

Response and Objection to [VBM's Motion to Liquidate] [DE# 2110] (and together with DE# 2108, the "Movants' Objections") and Appellee's Reply to Appellants' Response and Objection to [VBI's Motion to Liquidate] [DE# 2111] ("VBM's Reply").

As discussed in more detail below, the Court rejects Movants' argument that this Court lacks jurisdiction to consider the Motion to Liquidate because the Movants have appealed the April 19th Order. The Court also rejects Movants' argument that the attorney's fee provisions in the Settlement Agreement referred to in the April 19th Order do not provide a contractual basis to award VBM fees for opposing the Motion to Reopen, the Motion to Vacate, and the Motion to Change Venue. Finally, although the Court rejects Movants' argument that the hourly rates for the attorneys at Berger Singerman are unreasonably high, the Court is reducing the total award for the reasons described in the final portion of this Order.

### 1.   The Court has Jurisdiction to Liquidate the Fee Award

Movants argue that this Court lost jurisdiction to award fees and costs when the Movants filed their Notice of Appeal of the April 19th Order [DE# 2020]. As a general rule, the filing of a notice of appeal divests the trial court of jurisdiction "over those aspects of the case involved in the appeal." *Green Leaf Nursery v. E.I. Du Pont De Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003) (quoting *Griggs v. Provident Consumer Discount Co.*, 459

U.S. 56, 58 (1982)).  However, the 11th Circuit has held that the

trial court may consider a motion for attorney's fees after a

notice of appeal has been filed. *Rothenberg v. Security Management

Co., Inc.*, 677 F.2d 64, 65 (11th Cir. 1982). *See also Jackson v.

Jackson (In re Jackson),* 724 F. App'x 905, 911 n.6 (11th Cir. 2018)

("[Q]uestions of sanctions and attorney's fees are 'collateral

matters' that a court may resolve even after certifying issues on

the merits for appeal." (citations omitted)).

    The Movants also argue that the District Court's local rules

limit the jurisdiction of the bankruptcy court after a notice of

appeal has been filed. Local Rule 87.4 provides as follows:

> **(c) Limited Authority of Bankruptcy Court to Enter
> Orders Prior to Transmittal of Record to District
> Court.** After a notice of appeal is electronically
> transmitted to the District Court and a civil case is
> opened but before the record is transmitted to the
> District Court, the Bankruptcy Court is authorized and
> directed to dismiss an appeal for appellant's: (1)
> failure to pay the prescribed filing fees; (2) failure
> to comply with the time limitations specified in Federal
> Rule of Bankruptcy Procedure 8002; or (3) failure to
> file a designation of the items for the record or copies
> thereof or a statement of the issues as required
> by Federal Rule of Bankruptcy Procedure 8009, and Local
> Bankruptcy Rule 8009-1. The Bankruptcy Court is further
> authorized and directed to hear, under Federal Rule of
> Bankruptcy Procedure 9006(b), motions to extend the
> foregoing deadlines and to consolidate appeals that
> present similar issues from a common record.   The
> Bankruptcy Court is also authorized to consider motions
> for stay pending appeal filed under Federal Rule of
> Bankruptcy Procedure 8007(a). Bankruptcy Court orders
> entered under this subsection shall be docketed in the
> Bankruptcy Court docket and transmitted to the District
> Court for docketing in the District Court case.
> Bankruptcy Court orders entered under this subsection

may be reviewed by the District Court on motion filed in
the District Court within fourteen (14) days after entry
of the order on the District Court docket. A motion
seeking review shall be filed pursuant to section (d) of
this Local Rule.

S.D. Fla. Local Rule 87.4 (Dec. 1, 2020).

In support of their argument, Movants cite *In re Fisher Island
Invs., Inc*., Nos. 11-17047-BKC-AJC and 11-17061-BKC-AJC, 2012 WL
930288, at *3 (Bankr. S.D. Fla. Mar. 16, 2012). In that decision,
Judge Cristol cited Rule 87.4 in holding that the issue of standing
to appeal was a substantive issue within the District Court's
subject matter jurisdiction. However, this Court does not read
that decision to mean that the local rule establishes the
boundaries of the bankruptcy court's jurisdiction.

Local Rule 87.4 lists "safe zones" of jurisdiction,
describing those matters that the bankruptcy court is "authorized
and directed" to resolve after a notice of appeal is filed,
including, for example, dismissing the appeal if it is untimely,
the filing fee is not paid, or the appellant fails to timely file
a statement of issues or designation of record.  These are matters
relating directly to the notice of appeal. The rule has no
application to the jurisdiction of the bankruptcy court to consider
matters collateral to the appeal including, as relevant here,
liquidation of an attorney's fee award.

In sum, the April 19th Order awarded fees and set out a
procedure for liquidating the fees. Under controlling 11th Circuit

5

authority, the Court has jurisdiction to liquidate the fee award notwithstanding the pending appeal of the April 19th Order.

**2.    The Fees and Costs Requested in the Motion to
         Liquidate are Within the Scope of the Attorney's
         <u>Fee Provisions of the Settlement Agreement</u>**

The Movants argue that the fees at issue were not incurred in connection with the Settlement Agreement.[2]  The Court rejects this argument.  As quoted in VBM's reply, paragraph 20 of the Settlement Agreement provides for attorney's fees to the prevailing party with respect to any dispute "under or related to the Settlement Agreement" [DE# 2111, p. 6].

Without question, the relief sought in the Motion to Reopen, Motion to Vacate and Motion to Change Venue "relate" to the Settlement Agreement.  Indeed, the very purpose of these motions is to set aside judgments and orders and to renew claims expressly released in the Settlement Agreement.

**3.    With Limited Exception, the Fees and Costs
         <u>Incurred by VBM are Reasonable and Compensable</u>**

Movants sought extraordinary relief in the underlying motions. The litigation between the Movants and VBM goes back nearly 14 years. In the April 19th Order, the Court devoted 9 pages and 25 paragraphs just to highlight the key events.

---

[2] The May 29, 2013 Settlement Agreement is described in the April 19th Order [DE# 2086, p. 11, ¶¶ S and T].

The Court finds that it was entirely reasonable for VBM's counsel to undertake a thorough review of the record and to present a comprehensive response to the motions which, if granted, would have resulted in substantial and costly additional litigation. The Court finds further that the hourly rates charged by VBM's counsel are appropriate for lawyers of their experience in this district and finds no basis to question the veracity of the hours logged and presented in the billing records.

That said, the Court finds it appropriate to award less than the full amount VBM seeks. Some reduction is appropriate based on excess time billed for research and for the drafting of VBM's Reply, and excess, or redundant, time billed for inter-office conferences.

Based on the findings and conclusions set forth above, it is -

**ORDERED** as follows:

1.   This Court has jurisdiction to consider the Motion to Liquidate.

2.   VBM is awarded attorney's fees and costs in the amount of $45,000.00.

###

COPIES TO:

Joel L. Tabas, Esq. (Counsel for Trustee, Soneet Kapila)
Douglas C. Broeker, Esq.
James D. Gassenheimer, Esq.

7

**(Attorney Gassenheimer is directed to serve a copy of this Order on all other interested parties and to file a Certificate of Service)**